## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

DANIEL W. JAMISON,

        Plaintiff,

    v.                                         Civil Action No. 3:22cv360

MARK HERRING, *et al.*,

        Defendants.

### MEMORANDUM OPINION

Daniel W. Jamison, a Virginia inmate proceeding *pro se* and *in forma pauperis*, and a frequent litigant in the federal courts, filed this 42 U.S.C. § 1983 action.[1]  The matter proceeds on Jamison's Particularized Complaint and is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.  Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous or malicious" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  The first standard for frivolousness includes claims based upon "'an indisputably meritless legal theory,'"

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

      "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

      The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the

speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).  Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  Procedural History and Jamison's Particularized Complaint

### A.  Jamison's Compliance with the Court's Orders

By Memorandum Order entered on April 13, 2023, the Court directed as follows:

> In order to state a viable claim under 42 U.S.C. § 1983,[] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's current allegations and the manner of pleading fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rather, Plaintiff's Complaint names three Defendants. While the Complaint is seventy-three pages, any claim Plaintiff may have in his Complaint is not clear.

The Court cannot understand exactly what he intends to allege against each Defendant. To proceed with this action, Plaintiff will be required to distill each claim to its essence in a concise statement or face dismissal. In its current form, Plaintiff cannot expect Defendants to respond to his allegations.

Accordingly, Plaintiff is DIRECTED, within thirty (30) days of the date of entry hereof, to particularize his complaint in conformance with the following directions and in the exact order set for the below:

a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:22CV360."

b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff should refer to how the Court listed the claims in *Jamison v. Kincaid*, No. 3:19CV19, 2021 WL 4199997, at *1–2 (E.D. Va. Sept. 15, 2021) as an example of an appropriate way to state his claims in the Particularized Complaint. Plaintiff shall also include a prayer for relief.

c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

d. **The Particularized Complaint including any attachment must not exceed thirty (30) pages in length,** which is far more than Plaintiff needs to raise his claims in this action.[]

Additionally, in a separate document titled, "PRIOR LITIGATION," Jamison must provide a list of all of his prior federal litigation for the last seven years. The list must contain the case name, case number, the court where the case was filed, a list of the claims raised, the defendants for each claim, and the disposition of each claim.

(ECF No. 14, at 1–3.)[2]  On May 11, 2023, Jamison filed his Particularized Complaint.  (ECF No. 15.)  Jamison did not follow the Court's detailed instructions.  While the Court appreciates that Jamison made efforts to shorten his complaint, he once again provides no real, concise statement of his claims.  Instead, it appears that Jamison provides a statement of his claims several times under various headers making his Particularized Complaint quite repetitive.  (*See, e.g.*, ECF No. 15, at 8–11, 11–17, 17–19.)

Next, Jamison's document reflecting his prior litigation is incomplete and does not meaningfully comply with the Court's strict directives.  Jamison only listed three cases with any sort of description, and none of these descriptions contain the "the court where the case was filed, a list of the claims raised, the defendants for each claim, and the disposition of each claim." (ECF No. 14, at 1–3.)  Jamison also had at least six additional cases pending in this Court that he failed to make any effort to provide information about or even to list in his submission.[3]  The directive was to list "all of his prior federal litigation," not just prior closed litigation.  (ECF No. 14, at 3.)  Jamison has willfully failed to comply with the Court's directives with respect to providing a complete list of his prior litigation.  That alone warrants dismissal of his Particularized Complaint.  *See* Fed. R. Civ. P. 41(b).  Nevertheless, upon review of Jamison's Particularized Complaint the Court also finds it both frivolous and malicious.

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system.

[3] *See, e.g., Jamison v. Clarke*, No. 3:23cv278 (E.D. Va. filed Apr. 26, 2023); *Jamison v. Clarke*, No. 3:23CV277 (E.D. Va. filed Apr. 26, 2023); *Jamison v, Clarke*, No. 3:23CV276 (E.D. Va. Apr. 26, 2023); *Jamison v. Kassa*, No. 3:22CV552 (E.D. Va. filed *Jamison v. Clarke*, No. 3:22CV492 (E.D. Va. filed July 3, 2022); *Jamison v. Clarke*, No. 3:22CV425 (E.D. Va. filed June 8, 2022).

**B.  <u>Jamison's Allegations in the Particularized Complaint</u>**

In his Particularized Complaint, Jamison argues that Mark Herring, the former Attorney

General of the Commonwealth of Virginia, and Richard Vorhis and Stacie Sessoms, Assistant

Attorneys General ("Defendants"), failed to ensure that Virginia Department of Corrections

("VDOC") medical staff provided him with adequate medical care.  (ECF No. 15, at 2.)

Specifically, Jamison contends that, "to date, [he] still ha[s] not received the medically necessary

gluten free diet for his diagnosed celiac disease."  (ECF No. 15, at 3.)  Jamison contends that

both Vorhis and Sessoms represented the Commonwealth in "Case No. 7:18–CV–504" filed in

the United States District Court for the Western District of Virginia ("Western District Case"),

and because they received copies of his medical records, food labels, and copies of grievances,

they should have known that Jamison was being denied adequate medical care and they should

have intervened or opened an investigation.  (ECF No. 15, at 3–4.)  Jamison also alleges that

Sessoms had defendants in the Western District Case file "perjured" affidavits that she and

Vorhis knew contained false information based on Jamison's many submissions.  (ECF No. 15,

at 4.)  Jamison contends that he wrote letters to Herring, Vorhis, and Sessoms while the Western

District Case was pending and asked them to open criminal investigations, and they "ignore[d]

Jamison's pleas for help."  (ECF No. 15, at 5–7.)

Jamison contends that Defendants violated his Fourteenth Amendment[4] right to due

process "for failing to start and properly investigate" Jamison's claims (ECF No. 15, at 8, 10,

11), and his Eighth Amendment[5] rights because they were deliberately indifferent to his serious

---

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process
of law . . . ."  U.S. Const. amend. XIV, § 1.

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and
unusual punishments inflicted."  U.S. Const. amend. VIII.

medical needs.  (ECF No. 15, at 9, 10, 11–12).  Jamison asks for "the relief [he has] requested
and any other relief the Court sees fit to offer."  (ECF No. 15, at 20.)[6]

### III.  Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Jamison's
theories for relief.  *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that
"abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or
"insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).  Jamison's
allegations here are premised on Defendants' role as defense attorneys for the VDOC defendants
in his Western District Case.  Jamison faults Defendants for not taking action against their
VDOC clients or for not opening some investigation based on his complaints of denial of
adequate medical care in his Western District Case.  The Court notes that Jamison's Western
District Case was dismissed with respect to all named defendants.  *See Jamison v. Amonette*,
No. 7:18–cv–00504, 2022 WL 326095, at *1 (W.D. Va. Feb. 3, 2022).  Having met with no
success in his claims against those VDOC defendants named in the Western District Case,
Jamison now attempts to cast the net wider to anyone even remotely involved with the Western
District Case.  As discussed below, Jamison's claims are both frivolous and malicious.

### A.  Jamison's Claims Are Legally Frivolous

Here, Jamison seeks to sue the attorneys charged with defending the Commonwealth of
Virginia and their employees.  However, a state attorney general's function as a government
advocate entitles him or her to absolute immunity in a suit for damages.  *See Murphy v. Morris*,
849 F.2d 1101, 1105 (8th Cir. 1988) (holding that assistant attorney general is absolutely

---

[6] In his original complaint, Jamison requested monetary damages and injunctive relief.
(ECF No. 1, at 68–69.)

immune from acts done in furtherance of his or her defense of the state in another section § 1983 action filed by a plaintiff); *Barrett v. United States*, 798 F.2d 565, 573 (2d Cir. 1986) (finding Assistant Attorney General of the State of New York absolutely immune when "his sole involvement" was "representing that state as its attorney"). This is so because,

> the performance of advocacy functions by an assistant attorney general creates a great potential for entanglement in vexatious litigation. Especially in prisoner litigation, unsuccessful plaintiffs may seek recourse against the attorney for the state because of activities which the litigant finds disturbing. Assistant attorney generals should not be inhibited in the performance of their duties, or in their choice of litigation strategies by the threat of harassing lawsuits. And, abuses by counsel may be remedied through contempt or professional disciplinary proceedings.

*Morris*, 849 F.2d at 1105. Nevertheless, "this cloak of immunity is limited to the attorney's performance of regular advocacy functions, and like the immunity afforded to prosecutors, does not extend to intentional misconduct accomplished outside the scope of the attorney's function as an advocate for the state." *Id.* (citations omitted).

Here, Jamison alleges that Defendants failed to intervene, or take action against their clients, or open an investigation into their clients based solely on their knowledge of the facts in the Western District Case and letters sent by Jamison. Jamison also contends that Defendants knew that affidavits filed in the Western District Case contained allegedly false information. However, these allegations stem from Defendants' role as advocates for the state. Jamison alleges no intentional misconduct by Defendants outside their function as advocates for the state. Thus, Defendants are immune from Jamison's claims for damages. *Id.*; *Mathis v. McDonough*, No. ELH–13–2597, 2014 WL 3894133, at *13–14 (D. Md. Aug. 7, 2014) (holding that attorney general and assistant attorney general absolutely immune even when he or she allegedly fabricated evidence or made allegedly false statements in course of defending state). Accordingly, Jamison's claim for damages against Defendants is legally frivolous. *See*

*McConnell v. King*, 42 F.3d 471, 472 (8th Cir. 1994) (finding claims against state assistant

attorneys general are based on an "indisputably meritless legal theory" (citing *Murphy*, 849 F.3d

at 1105; *Neitzke*, 490 U.S. at 327)).[7]   Accordingly, Jamison's claims will be DISMISSED as

FRIVOLOUS.[8]

### B. **The Action Is Also Malicious**

The courts are charged with dismissing an action proceeding *in forma pauperis* at any

time during the course of the litigation that it becomes clear that the action is frivolous or

---

[7] Even if Defendants were somehow not immune, they are entitled to rely on the medical judgment of those providers with respect to the treatment of Jamison. *Iko v. Shreve*, 535 F.3d 225, 242 (4th Cir. 2008) (holding that once an inmate is placed in the care of appropriate medical personnel, "a nonmedical prison officials will generally be justified in believing that the prisoner is in capable hands" (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004))).   To overcome such reliance, Jamison would need to allege facts that Defendants knew that the care provided by medical personnel was so obviously incompetent that it poses a substantial risk of harm to his health.  *See Miltier v. Beorn*, 896 F.2d 848, 854–55 (4th Cir. 1990).  Jamison failed to make a case that the VDOC defendants were deliberately indifferent to his serious medical needs in the Western District Case.  Thus, he fails to adequately allege facts that would suggest that Defendants knew the care he received was "obviously incompetent." *Miltier*, 896 F.2d at 854–55.

[8] Absolute immunity only extends to claims for damages. *See Murphy*, 849 F.2d 1101 (citing *Barrett*, 798 F.2d at 571–73)).  Jamison also asks for injunctive relief, but the Court fails to discern exactly what relief the Court could grant.  In his "RELIEF" section of his original Complaint, Jamison states:

> Jamison request this Honorable Court and this Jury to award injunctive relief that delineates the lines for the point at which time the Attorney General and his/her staff must realize that the VDOC is acting in a criminal manner or is depriving a prisoner his guaranteed rights and at that point protect the prisoner and victim of the violations or criminal action that has transpired against the prisoner. . . .

(ECF No. 1, at 69.)  Jamison's request is not truly for injunctive relief because he does not ask the Court to enjoin any action by Defendants.  Instead, Jamison asks for the Court to issue something more akin to a declaratory judgment.  Accordingly, Jamison's purported request for injunctive relief is also frivolous.

malicious. 28 U.S.C. §§ 1915A, 1915(e)(2); *see also White v. Gregory*, 1 F.3d 267, 269 (4th Cir.

1993). With respect to the second standard, this Court has observed that:

> A litigant may be deemed to act maliciously if his actions "[i]mport a wish to vex,
> annoy, or injure another, or an intent to do a wrongful act, and may consist in direct
> intention to injure, or in reckless disregard of another's rights." BLACK'S LAW
> DICTIONARY, Special Fifth Ed. at 863 (1981). Therefore, "the court must assess
> the character of the allegations insofar as they indicate a motive on the part of the
> plaintiff to merely harass or vex the defendants rather than to seek redress for a
> legitimate legal claim." *Daves v. Scranton*, 66 F.R.D. 5, 7 (E.D. Pa. 1975).

*Cain v. Com. of Va.*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997). Further, "[t]he courts have long

recognized that inmate complaints against state officials are a particularly fertile arena for

frivolous and malicious litigation." *Id.* (citing *Daye v. Bounds*, 509 F.2d 66, 68 (4th Cir. 1975)).

This is true, in part, because incarcerated litigants, "possess both time and dissatisfactions in

abundance." *Cochran*, 73 F.3d at 1316. Furthermore, in assessing whether an action is

malicious, the Court's review is not limited to the current complaint but is guided by the

plaintiff's past litigious conduct. *Id.* at 1316–17.

Here, having met with no success in suing individual VDOC defendants in his Western

District Case, Jamison now seeks to sue the attorneys charged with defending the

Commonwealth of Virginia and its employees in that case. Jamison seeks millions of dollars in

damages against Defendants. As explained above, Defendants are immune from this type of suit,

and should not be subject to vexatious litigation while performing their duties as advocates for

the state. *Morris*, 849 F.2d at 1105. Moreover, as Jamison knows from the opinions entered in

the Western District Case, he is not entitled to relief on the underlying facts. Given the

circumstances, the Court concludes that Jamison initiated the current lawsuit in bad faith, and to

harass and inconvenience the Defendants. *Cf. Hicks v. Khawaja*, No. 3:17CV853, 2018 WL

3130395, at *2–3 (E.D. Va. June 26, 2018) (dismissing as frivolous and malicious a suit against

10

prosecutor who secured plaintiff's conviction), *aff'd* 746 F. App'x 236 (4th Cir 2018); *Hicks v. Darron*, No. 3:17CV807, 2018 WL 3059603, at *2–3 (E.D. Va. June 20, 2018) (dismissing as frivolous and malicious suit against assistant attorney general tasked with representing the Commonwealth in post-conviction proceedings). Accordingly, the Court will also dismiss the action as MALICIOUS pursuant to § 1915A(b)(1).

### IV.  Conclusion

For the foregoing reasons, Jamison's claims and the action will be DISMISSED as FRIVOLOUS and MALICIOUS. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 5-25-2023
Richmond, Virginia

_____
/s/
M. Hannah Lauck
United States District Judge